UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. FLEISHOUR and<br>MELISSA M. WORTMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEWART TITLE GUARANTY COMPANY,<br><br>    Defendant. | Case No. 4:08CV01958 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment [doc. #26].

### I.    BACKGROUND[1]

This litigation arises out of a quiet title action by a third party against Plaintiffs Michael J. Fleishour and Melissa M. Wortman (collectively, "Plaintiffs"), which led Plaintiffs to seek to establish their rights under a policy of title insurance ("the policy") issued to them by Defendant Stewart Title Guaranty Company ("Defendant").

Plaintiffs and Defendant entered into the policy on February 22, 2008, in connection with Plaintiffs' purchase of a piece of real property in St. Louis County, Missouri. Shortly after Plaintiffs finalized the sale, they were approached by a neighbor, Audrey Silberman ("Silberman"), who claimed ownership by adverse possession of approximately 1,100 square feet of the parcel. Plaintiffs refused to transfer the disputed portion to her, and Silberman subsequently filed a quiet title suit against Plaintiffs in the circuit court of St. Louis County. Through their attorney,

---

[1] The Court's recitation of the facts is taken from the statements of material facts filed with and in response to the pending Motion.

Plaintiffs notified Defendant in writing of the claim and tendered Defendant their defense. Based on its interpretation of the policy, Defendant responded to Plaintiffs' tender by offering instead to settle its obligations under the policy for $1,000, representing the diminution in value of the property – as calculated by Defendant's appraiser – if Silberman's claim were successful.

Plaintiffs refused Defendant's offer and filed the present lawsuit, seeking a declaratory judgment that the policy obligates Defendant either to provide Plaintiffs' defense in the underlying suit or to pay Plaintiffs the full amount of the policy, $121,500, and also alleging that Defendant breached the title insurance contract by refusing to accept their defense and provide coverage for their claim. Defendant now seeks partial summary judgment that the maximum "loss or damage" under the policy is the property's diminution in value if Silberman's claim is successful, which Defendant now concedes is $3,700 based on the appraisal of Plaintiffs' expert.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

**III. DISCUSSION**

Defendant requests partial summary judgment "on the limited issue that, assuming coverage, $3,700 represents the 'loss or damage' provided for under the policy," as the phrase "loss or damage" is used in Section 8(a) of the policy. Plaintiffs contend that they have been damaged in the full amount of the policy – $121,500 – and that they are therefore entitled to recover that amount.

The parties agree that this contract dispute is governed by Missouri law, under which the interpretation of contractual terms – a question of law – is appropriate for resolution on summary judgment. *Wentzville Park Assocs., L.P. v. Am. Cas. Ins. Co. of Reading, Pa.*, 263 S.W.3d 736, 739 (Mo. Ct. App. 2008). In interpreting an insurance policy, courts must give words "their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties." *Standard Artificial Limb, Inc. v. Allianz Ins. Co.*, 895 S.W.2d 205, 209 (Mo. Ct. App. 1995) (internal citations omitted). A policy will be found to be ambiguous, however, if it is reasonably open to alternative constructions due to "duplicity, indistinctness, or uncertainty of meaning." *Chase Resorts, Inc. v. Safety Mut. Cas. Corp.*, 869 S.W.2d 145, 150 (Mo. Ct. App. 1993). Furthermore, the court should evaluate the policy's language "in the light in which it would normally be understand by the lay person who bought and paid for the policy" in assessing whether it is in fact ambiguous. *Heringer v. Am. Family Mut. Ins. Co.*, 140 S.W.3d 100, 103 (Mo. Ct. App. 2004) (internal citations omitted). Ambiguous policy provisions, along with those that purport to restrict or eliminate coverage, are construed strongly against the insurer. *See Green v. Penn-America Ins. Co.*, 242 S.W.3d 374, 383 (Mo. Ct. App. 2007) (ambiguous provisions); *Crossman v. Yacubovich*, 290 S.W.3d 775, 779 (Mo. Ct. App. 2009) (provisions limiting coverage).

Turning to the policy at issue in this litigation, Section 8(a) provides the limit on Defendant's liability for "loss or damage":

> **8.   DETERMINATION AND EXTENT OF LIABILITY**
> This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.
> (a)   The extent of liability of the Company for loss or damage under this policy shall not exceed the lesser of:
> (i)   the Amount of Insurance, or
> (ii)  the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy.

Defendant argues that under this provision, the undisputed facts demonstrate that "the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy" is $3,700, as that is the value of the disputed portion of Plaintiffs' property, based on the appraisal of Plaintiffs' retained expert.

The Court concluded in its Memorandum and Order dated July 16, 2009 [doc. #24] that issues of material fact remained as to the means of valuation contemplated by this provision, but the Court can think of no construction of Section 8(a) more favorable to an insured generally – and to Plaintiffs here specifically – than to do precisely what Defendant argues in its Motion: base "the value of the Title subject to the risk insured against by this policy" solely on an appraisal performed by a party of the insured's choosing.  Furthermore, although Plaintiffs now attempt to argue that they have sustained actual damage in the full amount of the policy, the thrust of their argument is actually that Section 8(a) should not apply, an issue not currently before the Court. The valuation of Plaintiffs' expert is the only evidence in the record as to the value of the disputed parcel; thus, to the extent Section 8(a) applies to this case, the Court agrees with Defendant that the undisputed facts establish that the difference between the insured value of the title – $121,500

– and the value of Plaintiffs' title with the insured defect[2] – the loss of approximately 1,100 square feet of the parcel – is $3,700, the appraised value of the lost portion of the property.

As that statement suggests, the Court, in so concluding, does not also find that Section 8(a) is necessarily the correct provision for determining Plaintiffs' recovery. Defendant acknowledges that this Motion does not concern whether it has the right under the policy to unilaterally decide to settle a claim with its insured under Section 7(b)(ii), which is a necessary prerequisite to their argument that Section 8(a) applies. Section 7(b)(ii) states the following:

> In case of a claim under this policy, the Company shall have the following additional options:
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> (b)   To Pay or Otherwise Settle With Parties Other Than the Insured or With the Insured Claimant.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> (ii)   To pay or otherwise settle with the Insured Claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay.
>
> Upon the exercise by the Company of either of the options provided for in subsection (b)(i) or (ii), the Company's obligations to the Insured under    this policy for the claimed loss or damage, other than the payments    required to be made, shall terminate, including any liability or obligation    to defend, prosecute, or continue any litigation.

Plaintiffs contend that this provision contemplates an agreement between the insurer and the insured to settle a claim, and that in the absence of such an agreement – as is the case here – Section 7(a) applies, which provides that the insurer can relieve itself of the obligation to provide an insured's defense in an underlying suit by paying the full amount of the policy:

> In the case of a claim under this policy, the Company shall have the following additional options:

---

[2] Defendant continues to deny that the policy covers Plaintiffs' claim, but agrees that coverage is assumed for purposes of this Motion.

6

> (a) To Pay or Tender Payment of the Amount of Insurance. To pay or tender payment of the Amount of Insurance under this policy together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay. Upon the exercise by the Company of this option, all liability and obligations of the Company to the Insured under this policy, other than to make the payment required in this subsection, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

If the Court were to agree with Plaintiffs that Section 7(a), and not 7(b)(ii), provides the appropriate means of calculating their recovery – again, an issue not presently before the Court – then Section 8(a) would never come into play because 7(a) establishes the recoverable sum as the full amount of the policy, and there is therefore no need to determine the insured's "loss or damage."

Additionally, even if Section 8(a) does apply, and Plaintiffs' maximum recovery for "loss or damage" is therefore $3,700, that does not mean that Plaintiffs cannot recover additional sums pursuant to other policy provisions. As with the above issue of Defendant's right to impose a settlement, this Motion also does not address whether the policy obligates Defendant to provide Plaintiffs' defense in the Silberman suit. If Defendant did in fact have that duty, Plaintiffs may argue that they can recover their litigation expenses from that suit under Section 8(c), which provides that

> In addition to the extent of liability [for loss or damage under Section 8(a)], the Company will also pay those costs, attorneys' fees, and expenses incurred in accordance with Sections 5 [setting forth the Company's duty to defend] and 7 [providing the Company's options for paying claims to relieve itself of its Section 5 obligations] of these Conditions.

In short, while Defendant is correct that $3,700 is the measure of Plaintiffs' "loss or damage" under Section 8(a) based on the uncontroverted appraisal of Plaintiffs' expert, the Court does not

conclude that Section 8(a), even if applicable, represents the full extent of recovery available under the policy.[3]

The Court therefore finds that Defendant's Motion for Partial Summary Judgment [doc. #26] will be granted. Defendant is entitled to partial summary judgment that Plaintiffs' maximum recovery for "loss or damage" under Section 8(a) of the policy is $3,700, because the undisputed evidence establishes that sum as the difference between the insured value of Plaintiffs' title and the value of their title subject to the loss of the disputed portion of their property due to Silberman's adverse possession claim. The Court emphasizes, however, that this is an extremely narrow ruling, in that the Court only reaches the issue of how Section 8(a) applies if it is in fact applicable; the Court does not consider whether Section 8(a) necessarily provides the correct means for calculating Plaintiffs' recovery or whether Plaintiffs are entitled to recover additional sums pursuant to other provisions of the policy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment [doc. #26] is **GRANTED**. Defendant is granted partial summary judgment that to the extent Section 8(a) of the policy applies, Plaintiffs' "loss or damage" under that provision is $3,700.

Dated this 16th Day of February, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[3] If the policy did obligate Defendant to provide Plaintiffs' defense, then the more straightforward means of recovering litigation expenses from the underlying suit would be through Plaintiffs' breach of contract claim. *See Miller v. Secura Ins. & Mut. Co. of Wis.*, 53 S.W.3d 152, 155 (Mo. Ct. App. 2001) ("[T]he [wrongful] refusal of the insurer to defend . . . renders the insurer liable to the insured for all resultant damages from that breach of contract.").