UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. FLEISHOUR and <br> MELISSA M. WORTMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> STEWART TITLE GUARANTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:08CV01958 ERW <br> ) <br> ) <br> ) <br> ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion in Limine to Exclude Plaintiffs' Expert Joanna W. Owen, Esq. [doc. #45] and Plaintiffs' Motion in Limine to Exclude Testimony of Defendant's Witness Bradley L. Farney [doc. #48]. The Court heard arguments from the parties on these Motions at a hearing held on March 15, 2010.

This ultimate issue in this litigation is the interpretation of a title insurance policy issued by Defendant Stewart Title Guaranty Company ("Defendant") to Plaintiffs Michael J. Fleishour and Melissa M. Wortman ("Plaintiffs"). After acquiring the policy in connection with the purchase of a piece of real estate, Plaintiffs were served with process in a quiet title action by a neighbor, who claimed to own approximately 1,100 square feet of the property by adverse possession. Plaintiffs seek a declaratory judgment that the policy obligates Defendant to either (1) provide their defense in the underlying suit or (2) pay the full amount of the policy – $121,500. Defendant contends that it can satisfy all of its obligations under the policy by tendering to Plaintiffs the value of the disputed parcel.

## I. DEFENDANT'S MOTION IN LIMINE

In its Motion, Defendant seeks to exclude the testimony of Plaintiffs' expert Joanna W. Owen, an attorney experienced in title insurance matters, on the grounds that the offered testimony amounts to inadmissible legal conclusions. Ms. Owen will testify that based on her interpretation of the policy, and assuming that coverage exists, Defendant's tender of the value of the disputed portion of the property did not alleviate or terminate Defendant's duty to provide Plaintiffs' defense in the quiet title action.

The interpretation of an insurance contract is a question of law for the Court. *Keck v. Am. Family Mut. Ins. Co.*, 299 S.W.3d 63, 65 (Mo. Ct. App. 2009). As such, expert testimony as to the meaning of a contract provision is generally held to be an inadmissible legal conclusion. *See Med. Protective Co. v. Bubenik*, 2008 WL 2338069, at *2 (E.D. Mo. 2008); *Am. Home Assurance Co. v. Fed. Ins. Co.*, 2007 WL 1459816, at *3-*4 (W.D. Mo. 2007); *see also S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible."). Although expert testimony concerning industry practices or standards may sometimes be admissible in contract cases, *see S. Pine Helicopters*, 320 F.3d at 841, as may expert testimony concerning the parties' intent where the contract is ambiguous, *see In re Acceptance Ins. Cos.*, 567 F.3d 369, 380 (8th Cir. 2009), neither of those situations is present here. Ms. Owen explicitly states in her deposition testimony that she is only giving her opinion as to whether the policy permits Defendant to relieve itself of its duty to defend by tendering the value of the disputed parcel, and that the language of the policy is the sole basis for that opinion. Plaintiffs have not suggested any grounds for admitting Ms. Owen's testimony other than as evidence of the appropriate interpretation of the policy's terms, and the

2

Court therefore concludes that her testimony will be excluded as constituting inadmissible legal conclusions.

## II. PLAINTIFFS' MOTION IN LIMINE

Plaintiffs ask the Court to exclude the testimony of Defendant's witness Bradley L. Farney, likewise on the grounds that his testimony will consist of inadmissible legal conclusions as to the proper interpretation of the policy. To the extent that is the case, Mr. Farney's testimony will be excluded for the same reasons that the Court has excluded Ms. Owen's opinion testimony. Defendant argues, however, that Mr. Farney, as the Defendant representative who administered Plaintiffs' claim under the policy, can also provide relevant fact testimony concerning the events giving rise to this litigation. To the extent that Mr. Farney can in fact offer such fact testimony – an issue the Court cannot resolve given that neither party has supplied the Court with a specific description of his anticipated testimony – and subject to any objections Plaintiffs might assert at trial, the Court concludes that he will be permitted to testify.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Plaintiffs' Expert Witness Joanna W. Owen [doc. #45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Testimony of Defendant's Witness Bradley L. Farney [doc. #48] is **GRANTED, in part**, and **DENIED, in part**. Mr. Farney will be permitted to testify, but only to offer fact testimony concerning the administration of Plaintiffs' claim, and subject to any objections Plaintiffs might assert at trial. Mr. Farney's testimony as to the meaning or legal effect of the policy's terms is excluded as constituting inadmissible legal conclusions.

Dated this 16th day of March, 2010.

                                                                              _____
                                                                              E. RICHARD WEBBER
                                                                              UNITED STATES DISTRICT JUDGE